**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4124**

———————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

      v.

DANIEL EDUARDO PINEDA-ZELAYA, a/k/a Daniel Edgardo
Rodriquez, a/k/a Sarco,

               Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  James C. Dever III,
District Judge. (7:09-cr-00100-D-5)

———————

Submitted:  October 25, 2011      Decided:  November 4, 2011

———————

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Mark E. Edwards, EDWARDS & TRENKLE, PLLC, Durham, North
Carolina, for Appellant.  George E. B. Holding, United States
Attorney, Jennifer P. May-Parker, Ethan A. Ontjes, Assistant
United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Eduardo Pineda-Zelaya appeals his conviction for robbery, in violation of 18 U.S.C. § 1951 (2006); conspiracy to commit robbery, using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (2006); aiding and abetting, in violation of 18 U.S.C. § 2 (2006); and illegal entry, in violation of 8 U.S.C. § 1325(a) (2006). On appeal, Pineda-Zelaya argues that the district court erred in excluding testimony from both his gang expert and a co-conspirator. Finding no error, we affirm.

Federal Rule of Evidence 702 permits expert witness testimony if the expert's "specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." "Rule 702 is broadly interpreted, and helpfulness to the trier of fact is its touchstone. Testimony from an expert is presumed to be helpful unless it concerns matters within the everyday knowledge and experience of a lay juror." Kopf v. Skyrm, 993 F.2d 374, 377 (4th Cir. 1993) (internal citation and quotation marks omitted). However, expert witnesses may not "state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto." Fed. R. Evid. 704(b). Applying these standards, we conclude that the district court did not abuse its discretion in excluding

2

testimony from the expert witness.  See United States v. Wilson, 484 F.3d 267, 273 (4th Cir. 2007) (stating standard of review for district court's ruling on admissibility of expert witness testimony).

Turning to the co-conspirator's testimony, Federal Rule of Evidence 608(b) allows cross-examination regarding "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness . . . in the discretion of the court, if probative of truthfulness or untruthfulness."  See United States v. Leake, 642 F.2d 715, 718 (4th Cir. 1981) ("Rule 608 authorizes inquiry only into instances of misconduct that are clearly probative of truthfulness or untruthfulness, such as perjury, fraud, swindling, forgery, bribery, and embezzlement.").  However, even if testimony is relevant and admissible, "the probative value of the evidence must not be substantially outweighed by its prejudicial effect."  United States v. Wilson, 624 F.3d 640, 651 (4th Cir. 2010), petition for cert. filed, ___ S. Ct. __ (Feb. 4, 2011) (No. 10-8807); see Fed. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . .").  "[I]n reviewing the trial court's decision, [this court] must look at the evidence in a light most favorable to its proponent,

3

maximizing its probative value and minimizing its prejudicial effect." United States v. Simpson, 910 F.2d 154, 157 (4th Cir. 1990) (internal quotation marks omitted). Upon a thorough review of the record, we cannot conclude that the district court abused its discretion in excluding testimony from the co-conspirator. See United States v. Perkins, 470 F.3d 150, 155 (4th Cir. 2006) (discussing standard of review for district court's evidentiary rulings).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED